**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

BETH MORALES,

        *Plaintiff,*

v.

TRISTAR PRODUCTS, INC.,
ZHONGSHAN USATA ELECTRIC
APPLIANCE CO. LTD., PRO
QC INTERNATIONAL LTD.,
ZHONGSHAN JINGUANG HOUSEHOLD
APPLIANCE MANUFACTURE CO., LTD.,
ZHONGSHAN JINCHENG ELECTRIC
APPLIANCE CO. LTD.,
XYZ CORPORATIONS 1-5; DOES 1-5

        *Defendants.*

**CIVIL ACTION**

**COMPLAINT and**

**JURY DEMAND**

## COMPLAINT

Plaintiff, BETH MORALES, by and through the undersigned counsel, and pursuant to all applicable *Federal Rules of Civil Procedure*, hereby files this Complaint and alleges against Defendants, TRISTAR PRODUCTS, INC., ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD., PRO QC INTERNATIONAL LTD., ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD., and ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD., as follows:

## <u>JURISDICTION, VENUE AND PARTIES</u>

1.      This Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2.      Plaintiff, BETH MORALES, at all material times hereto is and was a citizen of the State of Florida at the time this cause of action arose.

3.      Defendant, TRISTAR PRODUCTS INC., ("Tristar") is a foreign corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business in Fairfield, New Jersey.

4.      Defendant Tristar is subject to the jurisdiction of this Court  because it operates, conducts, engages in, or carries on a business or business venture in the State of Florida; caused an injury to persons or property arising out of an act or omission it committed in State of Florida; manufactures, processes, distributed, or services products or materials which are used in the State of Florida in the ordinary course of commerce, trade, or use; and/or engages in substantial and not isolated activity within the State of Florida.

5.      Defendant ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD., ("USATA") is a foreign for-profit company organized and existing under the laws of China with its principal place of business in Zhongshan City, China.

6.      Defendant USATA is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the State of Florida; caused injury to persons or property arising out of an act or omission it

committed in the State of Florida; manufactures, processes or services products or materials which are used in the State of Florida in the ordinary course of commerce, trade, or use; and/or engages in substantial and not isolated activity within the State of Florida.

7.      Defendant PRO QC INTERNATIONAL LTD., ("Pro QC"), is a foreign for-profit company existing under the laws of Germany, with its principal place of business in Hong Kong.

8.      Defendant Pro QC is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the State of Florida; caused injury to persons or property arising out of an act or omission it committed in the State of Florida; manufactures, processes or services products or materials which are used in the State of Florida in the ordinary course of commerce, trade, or use; and/or engages in substantial and not isolated activity within the State of Florida.

9.      Defendant, ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD. ("JINGUANG") is a foreign for-profit company organized and existing under the laws of China with its principal place of business in Zhongshan City, China.

10.     Defendant JINGUANG is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the State of Florida; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials

which are used in the State of Florida in the ordinary course of commerce, trade, or use; and/or engages in substantial and not isolated activity within the State of Florida.

11.     Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD. ("JINCHENG") is a foreign for-profit company organized and existing under the laws of China with its principal place of business in Zhongshan City, China.

12.     Defendant JINCHENG is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture in the State of Florida; caused injury to persons or property arising out of an act or omission it committed in the State of Florida; manufactures, processes or services products or materials which are used in the State of Florida in the ordinary course of commerce, trade, or use; and/or engages in substantial and not isolated activity within the State of Florida.

13.     Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Florida.

14.     The Defendants who are fictitiously designated are so designated because their identities are currently unknown to Plaintiff. The fictitious Defendants are individuals and/or corporations and/or other business entities who were acting in their individual capacities and/or acting as agents, ostensible agents, servants and/or employees of other named and/or fictitious Defendants and/or were employing or holding out other names and/or fictitious Defendants as their own employees or agents such that they are liable for the actions of these others under agency and ostensible agency theories. Plaintiff requests leave of this Honorable Court to amend this

Complaint to provide the true names of the Defendants once their identities have been accurately ascertained.

## FACTUAL ALLEGATIONS

15.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

16.     On or about April 15, 2016, Plaintiff, Beth Morales, purchased a "Pressure Cooker" based on an advertisement that aired on a home television.

17.     Upon information and belief, at all relevant times, Defendant TRISTAR is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

18.     Upon information and belief, at all relevant times, Defendant USATA was also responsible for developing, designing, and manufacturing/or the Pressure Cooker.

19.     Upon information and belief, at all relevant times, Defendant JINCHENG was also responsible for developing, designing, and/or manufacturing the Pressure Cooker.

20.     Upon information and belief, at all relevant times, Defendant Pro QC tested and inspected the Pressure Cooker in order to ensure that it was free from defects and safe for consumer use.

21.     The Pressure Cooker is an electric kitchen appliance designed to be used for efficient preparation of food.  The product is designed to prepare meals by heating liquids inside a steam pot that produces steam, which is trapped inside of the Pressure Cooker to create pressure.  The resulting temperatures produced are expected to cook

meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

23.     On or about October 30, 2016, Plaintiff was using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker.

24.     While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto the Plaintiff.

25.     The Pressure Cooker had not been misused and had not been modified post-sale before it failed.

26.     As a direct and proximate result of the explosion out of the Pressure Cooker and the expulsion of scalding contents therefrom, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

## COUNT I – PRODUCTS/STRICT LIABILITY AGAINST TRISTAR

27.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

28.     At all relevant times, Defendant TRISTAR was in the business of designing, manufacturing, inspecting, testing, distributing, selling, and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell, and/or market the subject Pressure Cooker giving rise to the subject Complaint.

29.     The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

30.     The Pressure Cooker had not been misused post-sale before it failed.

31.     The Pressure Cooker was within its anticipated useful life when it failed.

32.     The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

33.     Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

   a.     it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics; and/or

   b.     a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

34.     That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment, in violation of Florida's Products Liability Laws.

35.     Accordingly, Defendant TRISTAR is liable to the Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, TRISTAR PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II - NEGLIGENCE AGAINST TRISTAR

36.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

37.     Defendant TRISTAR had a duty of reasonable care to design, manufacture, inspect, test, market, distribute and/or sell non-defective pressure cookers that are reasonably safe for their intended use.  Defendant TRISTAR also had a duty to adequately warn of dangers presented by the product's design.  These duties applied to the subject Pressure Cooker.

38.     Defendant TRISTAR knew, or in the existence of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

39.     Alternatively, Defendant TRISTAR knew or in the exercise of ordinary care should have known of the means of designing, manufacturing, and/or marketing the subject pressure cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.  Defendant TRISTAR had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous and yet, notwithstanding this knowledge, Defendant TRISTAR failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

40.     Alternatively, Defendant TRISTAR negligently failed to give adequate or proper warnings or instructions, and failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

41.     Alternatively, Defendant TRISTAR owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, and marketing the subject Pressure Cooker.

42.     Defendant TRISTAR failed to prudently design, manufacture, test, inspect, market, and/or sell the subject Pressure Cooker and/or failed to include a reasonable and safer alternative to the subject defective condition.

43.     As a direct and proximate result of the Defendant TRISTAR'S negligence, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, TRISTAR PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## <u>COUNT III - BREACH OF EXPRESS WARRANY AGAINST TRISTAR</u>

44.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

45.     Defendant TRISTAR designed, manufactured, assembled, distributed, inspected, tested, and/or sold the Pressure Cooker.

46.     Defendant TRISTAR expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

47.     Defendant TRISTAR's affirmations regarding the safety of its product

formed a basis of the bargain for Plaintiff without which the Plaintiff would not have purchased the Pressure Cooker.

48.     The Pressure Cooker did not conform to the Defendant TRISTAR'S affirmations regarding safety.

49.     As a direct and proximate result of Defendant TRISTAR'S breach of express warranties, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, TRISTAR PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST TRISTAR

50.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

51.     Defendant TRISTAR at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

52.     Defendant TRISTAR impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and/or conformed to Defendants' own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

53.    Defendant TRISTAR breached their implied warranty of merchantability, as the product did not conform to the Defendants' affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

54.    As a direct and proximate result of Defendant TRISTAR'S breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, TRISTAR PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT V- BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST TRISTAR

55.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

56.    Defendant TRISTAR at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

57.    In selling the Pressure Cooker to the Plaintiff, Defendant TRISTAR, through their agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure

Cooker to use and knew or should have known of the particular purpose to which the Plaintiff would put the product to use.  Defendants impliedly warranted that the product would be fit for such particular purpose.

58.     Defendant TRISTAR breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to the Defendant TRISTAR's affirmations regarding its product being fit for such particular purpose.  The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

59.     As a direct and proximate result of Defendant TRISTAR's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, TRISTAR PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VI – FAILURE TO WARN AGAINST TRISTAR

60.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

61.     Defendant TRISTAR at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

62.     On October 30, 2016, Plaintiff used the Pressure Cooker in the manner

intended and/or foreseeably intended, when the Pressure Cooker failed, exploded, and/or otherwise caused injury to the Plaintiff.

63.     Upon information and belief, the Pressure Cooker was manufactured in a defective manner, defectively designed and failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous.

64.     Defendant TRISTAR knew or should have known of the dangerous nature of the Pressure Cooker by virtue of their business and knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

65.     Defendant TRISTAR had a duty to provide reasonable warning of the danger involved in the use of the Pressure Cooker and failed to provide the public, including the Plaintiff, notice of the danger involved.

66.     As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, TRISTAR PRODUCTS, INC., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT VII - PUNITIVE DAMAGES AGAINST TRISTAR

67.     Plaintiff re-alleges and incorporates verbatim the allegation contained in

Paragraphs 1-14 as if fully set forth herein.

68.     Defendant TRISTAR's conduct in failing to properly design, test and evaluate the subject Pressure Cooker, failing to include an alternative safe design, and failing to warn of the dangers associated with this Pressure Cooker was so reckless as to imply a disregard of social obligations.

69.     Defendant TRISTAR's actions in marketing and placing into the stream of commerce this defective and unreasonably dangerous Pressure Cooker, as designed, and by failing to warn of the dangers associated with this Pressure Cooker amounted to such willful misconduct or entire want of care as to raise a presumption of conscious indifference to the consequences.

70.     Upon information and belief, Defendant TRISTAR was aware of multiple reports of similar injuries to individuals in multiple states prior to the subject incident. Despite being on notice of other incidents substantially similar to the subject incident involving the same or similar product and grievous harms to consumers, Defendant TRISTAR consciously and intentionally failed to take any proper action to warn, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular, from the use of the Pressure Cooker.

71.     Defendant TRISTAR had actual knowledge that the subject Pressure Cooker posed a severe danger and threat of serious injury to consumers, but did not warn or adequately inform or educate retailers, wholesalers or the public of said dangers, and instead kept selling and/or distributing the product for profit, allowing the injuries to continue.

72.     Defendant TRISTAR's knowing failure to act to protect the safety of the

consumers and its placement of focus on ongoing profits ahead of safety, despite actual knowledge of the dangers and failure to warn or attempt to inform or educate the public of said dangers, constitutes clear and convincing evidence demonstrating willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter Defendant TRISTAR from repeating or continuing such unlawful and dangerous conduct in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, TRISTAR PRODUCTS, INC., for compensatory damages, punitive damages, court costs, and such other and additional relief as this Court may deem appropriate.

## <u>COUNT VIII – PRODUCTS/STRICT LIABILITY AGAINST USATA</u>

73.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

74.     At all relevant times, Defendant USATA was in the business of designing, manufacturing,  inspecting, testing, distributing, selling, and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell, and/or market the subject Pressure Cooker giving rise to the subject Complaint.

75.     The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

76.     The Pressure Cooker had not been misused post-sale before it failed.

77.     The Pressure Cooker was within its anticipated useful life when it failed.

78.     The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

79.    Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

80.    That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns to the Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment, in violation of Florida's Products Liability Laws.

81.    Therefore, Defendant USATA is liable to the Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IX – NEGLIGENCE AGAINST USATA

82.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

83.    Defendant USATA had a duty of reasonable care to design, manufacture, inspect, test, market, distribute and/or sell non-defective pressure cookers that are

reasonably safe for their intended use.  Defendant USATA also had a duty to adequately warn of dangers presented by the product's design.  These duties applied to the subject Pressure Cooker.

84.     Defendant USATA knew, or in the existence of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

85.     Alternatively, Defendant USATA knew or in the exercise of ordinary care should have known of the means of designing, manufacturing, and/or marketing the subject pressure cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.  Defendant USATA had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous and yet, notwithstanding this knowledge, Defendant USATA failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

86.     Alternatively, Defendant USATA negligently failed to give adequate or proper warnings or instructions, and failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

87.     Alternatively, Defendant USATA owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, and marketing the subject Pressure Cooker.

88.     Alternatively, Defendant USATA failed to prudently design, manufacture, test, inspect, market, and/or sell the subject Pressure Cooker and/or failed to include a

reasonable and safer alternative to the subject defective condition.

89.    As a direct and proximate result of the Defendant USATA's negligence, Plaintiff suffered severely painful and disfiguring burns to her body and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT X - BREACH OF EXPRESS WARRANY AGAINST USATA

90.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

91.    Defendant USATA designed, manufactured, assembled, distributed, inspected, tested, and/or sold the Pressure Cooker.

92.    Defendant USATA expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

93.    Defendant USATA's affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which the Plaintiff would not have purchased the Pressure Cooker.

94.    The Pressure Cooker did not conform to the Defendant USATA's affirmations regarding safety.

95.    As a direct and proximate result of Defendant USATA's breach of express

warranties, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST USATA

96.     Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

97.     Defendant USATA at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

98.     Defendant USATA impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and/or conformed to USATA's own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

99.     Defendant USATA breached their implied warranty of merchantability, as the product did not conform to the Defendants USATA's affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

100.   As a direct and proximate result of Defendant USATA's breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XII - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST USATA

101.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

102.   Defendant USATA at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

103.   In selling the Pressure Cooker to the Plaintiff, Defendant USATA, through their agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which the Plaintiff would put the product to use.  Defendant USATA impliedly warranted that the product would be fit for such particular purpose.

104.   Defendant USATA breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to the Defendant USATA's

affirmations regarding its product being fit for such particular purpose.  The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

105.   As a direct and proximate result of Defendant USATA'S breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XIII – FAILURE TO WARN AGAINST USATA

106.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

107.   Defendant USATA at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

108.   On July 25, 2016, Plaintiff used the Pressure Cooker in the manner intended and/or foreseeably intended, when the Pressure Cooker failed, exploded, and/or otherwise caused injury to the Plaintiff.

109.   Upon information and belief, the Pressure Cooker was manufactured in a defective manner, defectively designed and failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was

inherently and/or unreasonably dangerous.

110.   Defendant USATA knew or should have known of the dangerous nature of the Pressure Cooker by virtue of their business and knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

111.   Defendant USATA had a duty to provide reasonable warning of the danger involved in the use of the Pressure Cooker and failed to provide the public, including the Plaintiff, notice of the danger involved.

112.   As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XIV - PUNITIVE DAMAGES AGAINST USATA

113.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

114.   Defendant USATA'S conduct in failing to properly design, test and evaluate the subject Pressure Cooker, failing to include an alternative safe design, and failing to warn of the dangers associated with this Pressure Cooker was so reckless as to imply a disregard of social obligations.

115.   Defendant USATA'S actions in marketing and placing into the stream of commerce this defective and unreasonably dangerous Pressure Cooker, as designed, and by failing to warn of the dangers associated with this Pressure Cooker amounted to such willful misconduct or entire want of care as to raise a presumption of conscious indifference to the consequences.

116.   Upon information and belief, Defendant USATA was aware of multiple reports of similar injuries to individuals in multiple states prior to the subject incident. Despite being on notice of other incidents substantially similar to the subject incident involving the same or similar product and grievous harms to consumers, Defendant USATA consciously and intentionally failed to take any proper action to warn, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular, from the use of the Pressure Cooker.

117.   Defendant USATA had actual knowledge that the subject Pressure Cooker posed a severe danger and threat of serious injury to consumers, but did not warn or adequately inform or educate retailers, wholesalers or the public of said dangers, and instead kept selling and/or distributing the product for profit, allowing the injuries to continue.

118.   Defendant USATA'S knowing failure to act to protect the safety of the consumers and its placement of focus on ongoing profits ahead of safety, despite actual knowledge of the dangers and failure to warn or attempt to inform or educate the public of said dangers, constitutes clear and convincing evidence demonstrating willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care, which would raise the presumption of a conscious indifference to consequences, such

that punitive damages are necessary to deter Defendant USATA from repeating or continuing such unlawful and dangerous conduct in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD, for compensatory damages, punitive damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XV – PRODUCTS/STRICT LIABILITY AGAINST Pro QC

119.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

120.   At all relevant times, Defendant Pro QC was in the business of designing, manufacturing,   inspecting, testing, distributing, selling, and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell, and/or market the subject Pressure Cooker giving rise to the subject Complaint.

121.   The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

122.   The Pressure Cooker had not been misused post-sale before it failed.

123.   The Pressure Cooker was within its anticipated useful life when it failed.

124.   The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

125.   Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a.   it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge

common to the community as to its characteristics; and/or

      b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

126.   That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns to the Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment, in violation of Florida's Products Liability Laws.

127.  Therefore, Defendant Pro QC is liable to the Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, PRO QC INTERNATIONAL LTD., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XVI – NEGLIGENCE AGAINST Pro QC

128.  Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

129.  Defendant Pro QC had a duty of reasonable care to design, manufacture, inspect, test, market, distribute and/or sell non-defective pressure cookers that are reasonably safe for their intended use.  Defendant Pro QC also had a duty to adequately warn of dangers presented by the product's design.  These duties applied to the subject Pressure Cooker.

130.  Defendant Pro QC knew, or in the existence of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to

those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

131.   Alternatively, Defendant Pro QC knew or in the exercise of ordinary care should have known of the means of designing, manufacturing, and/or marketing the subject pressure cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.  Defendant Pro QC had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous and yet, notwithstanding this knowledge, Defendant Pro QC failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

132.   Alternatively, Defendant Pro QC negligently failed to give adequate or proper warnings or instructions, and failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

133.   Alternatively, Defendant Pro QC owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, and marketing the subject Pressure Cooker.

134.   Alternatively, Defendant Pro QC failed to prudently design, manufacture, test, inspect, market, and/or sell the subject Pressure Cooker and/or failed to include a reasonable and safer alternative to the subject defective condition.

135.   As a direct and proximate result of the Defendant Pro QC's negligence, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the

injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, PRO QC INTERNATIONAL LTD., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XVII - BREACH OF EXPRESS WARRANY AGAINST Pro QC

136.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

137.    Defendant Pro QC designed, manufactured, assembled, distributed, inspected, tested, and/or sold the Pressure Cooker.

138.    Defendant Pro QC expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

139.    Defendant Pro QC's affirmations regarding the safety of its product formed a basis of the bargain for the Plaintiff without which the Plaintiff would not have purchased the Pressure Cooker.

140.    The Pressure Cooker did not conform to the Defendant Pro QC's affirmations regarding safety.

141.    As a direct and proximate result of Defendant Pro QC's breach of express warranties, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, PRO QC INTERNATIONAL LTD., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XVIII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST Pro QC

142.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

143.    Defendant Pro QC at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

144.    Defendant Pro QC impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and/or conformed to Pro QC's own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

145.    Defendant USATA breached their implied warranty of merchantability, as the product did not conform to the Defendants Pro QC's affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

146.    As a direct and proximate result of Defendant Pro QC's breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature

and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, PRO QC INTERNATIONAL LTD., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XIX- BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST Pro QC

147.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

148.   Defendant Pro QC at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

149.   In selling the Pressure Cooker to the Plaintiff, Defendant Pro QC, through their agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which the Plaintiff would put the product to use.  Defendant Pro QC impliedly warranted that the product would be fit for such particular purpose.

150.   Defendant Pro QC breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to the Defendant Pro QC's affirmations regarding its product being fit for such particular purpose.  The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

151.   As a direct and proximate result of Defendant Pro QC's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful

and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, PRO QC INTERNATIONAL LTD., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XX – FAILURE TO WARN AGAINST Pro QC

152.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

153.    Defendant Pro QC at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

154.    On July 25, 2016, Plaintiff used the Pressure Cooker in the manner intended and/or foreseeably intended, when the Pressure Cooker failed, exploded, and/or otherwise caused injury to the Plaintiff.

155.    Upon information and belief, the Pressure Cooker was manufactured in a defective manner, defectively designed and failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous.

156.    Defendant Pro QC knew or should have known of the dangerous nature of the Pressure Cooker by virtue of their business and knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

157.    Defendant Pro QC had a duty to provide reasonable warning of the

danger involved in the use of the Pressure Cooker and failed to provide the public, including the Plaintiff, notice of the danger involved.

158.   As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, PRO QC INTERNATIONAL LTD., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXI - PUNITIVE DAMAGES AGAINST Pro QC

159.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

160.   Defendant Pro QC's conduct in failing to properly design, test and evaluate the subject Pressure Cooker, failing to include an alternative safe design, and failing to warn of the dangers associated with this Pressure Cooker was so reckless as to imply a disregard of social obligations.

161.   Defendant Pro QC's actions in marketing and placing into the stream of commerce this defective and unreasonably dangerous Pressure Cooker, as designed, and by failing to warn of the dangers associated with this Pressure Cooker amounted to such willful misconduct or entire want of care as to raise a presumption of conscious indifference to the consequences.

162.   Upon information and belief, Defendant Pro QC was aware of multiple reports of similar injuries to individuals in multiple states prior to the subject incident. Despite being on notice of other incidents substantially similar to the subject incident involving the same or similar product and grievous harms to consumers, Defendant Pro QC consciously and intentionally failed to take any proper action to warn, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular, from the use of the Pressure Cooker.

163.   Defendant Pro QC had actual knowledge that the subject Pressure Cooker posed a severe danger and threat of serious injury to consumers, but did not warn or adequately inform or educate retailers, wholesalers or the public of said dangers, and instead kept selling and/or distributing the product for profit, allowing the injuries to continue.

164.   Defendant Pro QC's knowing failure to act to protect the safety of the consumers and its placement of focus on ongoing profits ahead of safety, despite actual knowledge of the dangers and failure to warn or attempt to inform or educate the public of said dangers, constitutes clear and convincing evidence demonstrating willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter Defendant Pro QC from repeating or continuing such unlawful and dangerous conduct in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, PRO QC INTERNATIONAL LTD., for compensatory damages, punitive damages, court costs, and such other and additional relief as this Court may deem appropriate.

## <u>COUNT XXII – PRODUCTS/STRICT LIABILITY AGAINST JINGUANG</u>

165.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

166.   At all relevant times, Defendant JINGUANG was in the business of designing, manufacturing,  inspecting, testing, distributing, selling, and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell, and/or market the subject Pressure Cooker giving rise to the subject Complaint.

167.   The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

168.   The Pressure Cooker had not been misused post-sale before it failed.

169.   The Pressure Cooker was within its anticipated useful life when it failed.

170.   The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

171.   Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a.   it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.   a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

172.   That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns to the Plaintiff, and resulting pain and suffering,

disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment, in violation of Florida's Products Liability Laws.

173.   Therefore, Defendant JINGUANG is liable to the Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against Defendant, ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXIII – NEGLIGENCE AGAINST JINGUANG

174.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

175.   Defendant JINGUANG had a duty of reasonable care to design, manufacture, inspect, test, market, distribute and/or sell non-defective pressure cookers that are reasonably safe for their intended use.  Defendant TRISTAR also had a duty to adequately warn of dangers presented by the product's design.  These duties applied to the subject Pressure Cooker.

176.   Defendant JINGUANG knew, or in the existence of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

177.   Alternatively, Defendant JINGUANG knew or in the exercise of ordinary care should have known of the means of designing, manufacturing, and/or marketing

the subject pressure cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.  Defendant JINGUANG had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous and yet, notwithstanding this knowledge, Defendant JINGUANG failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

178.   Alternatively, Defendant JINGUANG negligently failed to give adequate or proper warnings or instructions, and failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

179.   Alternatively, Defendant JINGUANG owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, and marketing the subject Pressure Cooker.

180.   Alternatively, Defendant JINGUANG failed to prudently design, manufacture, test, inspect, market, and/or sell the subject Pressure Cooker and/or failed to include a reasonable and safer alternative to the subject defective condition.

181.   As a direct and proximate result of the Defendant JINGUANG'S negligence, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD, for

compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXIV - BREACH OF EXPRESS WARRANY AGAINST JINGUANG

182.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

183.    Defendant JINGUANG designed, manufactured, assembled, distributed, inspected, tested, and/or sold the Pressure Cooker.

184.    Defendant JINGUANG expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

185.    Defendant JINGUANG'S affirmations regarding the safety of its product formed a basis of the bargain for the Plaintiff without which the Plaintiff would not have purchased the Pressure Cooker.

186.    The Pressure Cooker did not conform to the Defendant JINGUANG'S affirmations regarding safety.

187.    As a direct and proximate result of Defendant JINGUANG'S breach of express warranties, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD, for compensatory damages, court costs, and such other and additional relief as this Court

may deem appropriate.

## COUNT XXV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST JINGUANG

188.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

189.    Defendant JINGUANG at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

190.    Defendant JINGUANG impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and/or conformed to USATA's own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

191.    Defendant JINGUANG breached their implied warranty of merchantability, as the product did not conform to the Defendants JINGUANG'S affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

192.    As a direct and proximate result of Defendant JINGUANG'S breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XXVI- BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST JINGUANG

193.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

194.    Defendant JINGUANG at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

195.    In selling the Pressure Cooker to the Plaintiff, Defendant JINGUANG, through their agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which the Plaintiff would put the product to use.  Defendant JINGUANG impliedly warranted that the product would be fit for such particular purpose.

196.    Defendant JINGUANG breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to the Defendant TRISTAR's affirmations regarding its product being fit for such particular purpose.  The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

197.    As a direct and proximate result of Defendant JINGUANG's breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful

and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgement against ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

<u>**COUNT XXVIII - PUNITIVE DAMAGES AGAINST JINGUANG**</u>

198.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

199.   Defendant JINGUANG'S conduct in failing to properly design, test and evaluate the subject Pressure Cooker, failing to include an alternative safe design, and failing to warn of the dangers associated with this Pressure Cooker was so reckless as to imply a disregard of social obligations.

200.   Defendant JINGUANG's actions in marketing and placing into the stream of commerce this defective and unreasonably dangerous Pressure Cooker, as designed, and by failing to warn of the dangers associated with this Pressure Cooker amounted to such willful misconduct or entire want of care as to raise a presumption of conscious indifference to the consequences.

201.   Upon information and belief, Defendant JINGUANG was aware of multiple reports of similar injuries to individuals in multiple states prior to the subject incident. Despite being on notice of other incidents substantially similar to the subject incident

involving the same or similar product and grievous harms to consumers, Defendant JINGUANG consciously and intentionally failed to take any proper action to warn, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular, from the use of the Pressure Cooker.

202.   Defendant JINGUANG had actual knowledge that the subject Pressure Cooker posed a severe danger and threat of serious injury to consumers, but did not warn or adequately inform or educate retailers, wholesalers or the public of said dangers, and instead kept selling and/or distributing the product for profit, allowing the injuries to continue.

203.   Defendant JINGUANG'S knowing failure to act to protect the safety of the consumers and its placement of focus on ongoing profits ahead of safety, despite actual knowledge of the dangers and failure to warn or attempt to inform or educate the public of said dangers, constitutes clear and convincing evidence demonstrating willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter Defendant JINGUANG from repeating or continuing such unlawful and dangerous conduct in the future.

**WHEREFORE,** Plaintiff, Beth Morales, demands judgement against ZHONGSHAN JINGUANG HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD, for compensatory damages, punitive damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXII – PRODUCTS/STRICT LIABILITY AGAINST JINCHENG

204.   Plaintiff re-alleges and incorporates verbatim the allegation contained in

Paragraphs 1-14 as if fully set forth herein.

205.   At all relevant times, Defendant JINCHENG was in the business of designing, manufacturing,  inspecting, testing, distributing, selling, and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell, and/or market the subject Pressure Cooker giving rise to the subject Complaint.

206.   The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

207.   The Pressure Cooker had not been misused post-sale before it failed.

208.   The Pressure Cooker was within its anticipated useful life when it failed.

209.   The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

210.   Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a.   it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.   a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

211.   That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns to the Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment, in violation of Florida's Products Liability Laws.

212.    Therefore, Defendant JINCHENG is liable to the Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXIII – NEGLIGENCE AGAINST JINCHENG

213.    Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

214.    Defendant JINCHENG had a duty of reasonable care to design, manufacture, inspect, test, market, distribute and/or sell non-defective pressure cookers that are reasonably safe for their intended use.  Defendant JINCHENG also had a duty to adequately warn of dangers presented by the product's design.  These duties applied to the subject Pressure Cooker.

215.    Defendant JINCHENG knew, or in the existence of ordinary care, should have known, that the subject Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

216.    Alternatively, Defendant JINCHENG knew or in the exercise of ordinary care should have known of the means of designing, manufacturing, and/or marketing the subject pressure cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.  Defendant JINCHENG had actual or constructive knowledge of the means of designing a pressure cooker that

would not be inadequate and dangerous and yet, notwithstanding this knowledge, Defendant JINCHENG failed to adequately design, equip and/or manufacture the subject Pressure Cooker.

217.    Alternatively, Defendant JINCHENG negligently failed to give adequate or proper warnings or instructions, and failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

218.    Alternatively, Defendant JINCHENG owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, and marketing the subject Pressure Cooker.

219.    Alternatively, Defendant JINCHENG failed to prudently design, manufacture, test, inspect, market, and/or sell the subject Pressure Cooker and/or failed to include a reasonable and safer alternative to the subject defective condition.

220.    As a direct and proximate result of the Defendant JINCHEN's negligence, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXIV - BREACH OF EXPRESS WARRANY AGAINST JINCHENG

221.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

222.   Defendant JINCHENG designed, manufactured, assembled, distributed, inspected, tested, and/or sold the Pressure Cooker.

223.   Defendant JINCHENG expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

180.   Defendant JINCHENG'S affirmations regarding the safety of its product formed a basis of the bargain for the Plaintiff without which the Plaintiff would not have purchased the Pressure Cooker.

224.   The Pressure Cooker did not conform to the Defendant JINCHENG'S affirmations regarding safety.

225.   As a direct and proximate result of Defendant JINCHENG'S breach of express warranties, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST JINCHENG

226.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

227.   Defendant JINCHENG at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

228.   Defendant JINCHENG impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and/or conformed to JINCHENG's own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

229.   Defendant JINCHENG breached their implied warranty of merchantability, as the product did not conform to the Defendants JINCHENG'S affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

230.   As a direct and proximate result of Defendant JINCHENG'S breach of the implied warranty of merchantability, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD, for compensatory

damages, court costs, and such other and additional relief as this Court may deem appropriate.

### <u>COUNT XXVI - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST JINCHENG</u>

231.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

232.   Defendant JINCHENG at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

233.   In selling the Pressure Cooker to the Plaintiff, Defendant JINCHENG, through their agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which the Plaintiff would put the product to use.  Defendant JINCHENG impliedly warranted that the product would be fit for such particular purpose.

234.   Defendant JINCHENG breached its implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to the Defendant TRISTAR's affirmations regarding its product being fit for such particular purpose.  The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

235.   As a direct and proximate result of Defendant JINCHENG'S breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and

medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXVII – FAILURE TO WARN AGAINST JINCHENG

236.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

237.   Defendant JINCHENG at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed, and/or sold the Pressure Cooker.

238.   On or about July 25, 2016, Plaintiff used the Pressure Cooker in the manner intended and/or foreseeably intended, when the Pressure Cooker failed, exploded, and/or otherwise caused injury to the Plaintiff.

239.   Upon information and belief, the Pressure Cooker was manufactured in a defective manner, defectively designed and failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous.

240.   Defendant JINCHENG knew or should have known of the dangerous nature of the Pressure Cooker by virtue of their business and knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

241.   Defendant JINCHENG had a duty to provide reasonable warning of the

danger involved in the use of the Pressure Cooker and failed to provide the public, including the Plaintiff, notice of the danger involved.

242.   As a direct and proximate result of the foregoing, Plaintiff suffered severely painful and disfiguring burns to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT XXVIII - PUNITIVE DAMAGES AGAINST JINCHENG

243.   Plaintiff re-alleges and incorporates verbatim the allegation contained in Paragraphs 1-14 as if fully set forth herein.

244.   Defendant JINCHENG'S conduct in failing to properly design, test and evaluate the subject Pressure Cooker, failing to include an alternative safe design, and failing to warn of the dangers associated with this Pressure Cooker was so reckless as to imply a disregard of social obligations.

245.   Defendant JINCHENG'S actions in marketing and placing into the stream of commerce this defective and unreasonably dangerous Pressure Cooker, as designed, and by failing to warn of the dangers associated with this Pressure Cooker amounted to such willful misconduct or entire want of care as to raise a presumption of

conscious indifference to the consequences.

246.    Upon information and belief, Defendant JINCHENG was aware of multiple reports of similar injuries to individuals in multiple states prior to the subject incident. Despite being on notice of other incidents substantially similar to the subject incident involving the same or similar product and grievous harms to consumers, Defendant JINCHENG consciously and intentionally failed to take any proper action to warn, remedy, or otherwise mitigate the risk of harm to the public generally, or Plaintiff in particular, from the use of the Pressure Cooker.

247.    Defendant JINCHENG had actual knowledge that the subject Pressure Cooker posed a severe danger and threat of serious injury to consumers, but did not warn, adequately inform or educate retailers, wholesalers or the public of said dangers, and instead kept selling and/or distributing the product for profit, allowing the injuries to continue.

248.    Defendant JINCHENG'S knowing failure to act to protect the safety of the consumers and its placement of focus on ongoing profits ahead of safety, despite actual knowledge of the dangers and failure to warn or attempt to inform or educate the public of said dangers, constitutes clear and convincing evidence demonstrating willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care, which would raise the presumption of a conscious indifference to consequences, such that punitive damages are necessary to deter Defendant JINCHENG from repeating or continuing such unlawful and dangerous conduct in the future.

**WHEREFORE,** Plaintiff, Beth Morales, demands judgment against Defendant, ZHONGSHAN JINCHENG ELECTRIC APPLIANCE CO. LTD, for compensatory

damages, punitive damages, court costs, and such other and additional relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 11th day of August 2017.

Respectfully submitted,

By: */s/ Jason Turchin*
JASON TURCHIN, ESQ
Florida Bar No.: 585300
ALEXANDER J. KOROLINSKY, ESQ
Florida Bar No.: 119327
**LAW OFFICES OF JASON TURCHIN**
2883 Executive Park Drive, Suite 103-A
Weston, Florida 33331
Telephone: (954) 515-5000
Email: jason@victimaid.com

*Counsel for Plaintiff, BETH MORALES*